**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Nov 07 2012, 9:25 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CORNELIUS HOOTEN, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1204-CR-266 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
The Honorable Steven J. Rubick, Magistrate
Cause No. 49F10-1111-CM-81337

**November 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Cornelius Hooten ("Hooten") appeals his conviction for Carrying a Handgun Without a License, as a Class A misdemeanor.[1] Hooten raises one issue for our review, whether the trial court abused its discretion when it admitted into evidence a handgun retrieved from his person because the arresting officers lacked the reasonable suspicion required to perform a Terry stop.

We affirm.

**Facts and Procedural History**

On the afternoon of November 15, 2011, Diandra Gamble ("Gamble") and Hooten were engaged in a domestic dispute at their shared residence in Indianapolis. Hooten began to throw furniture, and Gamble called 911 to request that officers remove Hooten from the residence. Gamble provided the Indianapolis Metropolitan Police Department ("IMPD") dispatcher with Hooten's name and a description of his appearance. Gamble also informed the dispatcher that Hooten owned a handgun.

The dispatcher relayed this information to IMPD Lieutenant Craig Blanton ("Lieutenant Blanton") and Officer Brian McCann ("Officer McCann"), who each responded to the call in separate police vehicles. As Lieutenant Blanton approached Gamble's apartment complex, he observed Hooten walking away from the complex along an access driveway near a drug store.

Lieutenant Blanton stopped Hooten and confirmed Hooten's identity. Because

---

[1] Ind. Code § 35-47-2-1(a) & -23(c).

2

dispatch had indicated that Hooten was known to own a firearm, Lieutenant Blanton instructed Hooten to raise his arms in the air. When Hooten did so, Lieutenant Blanton observed the butt of a handgun in the waist of Hooten's pants. Lieutenant Blanton then secured the handgun.

During this time period, Officer McCann arrived at Gamble's apartment, and Gamble informed him that Hooten always carried a handgun. Officer McCann then travelled to the location where Lieutenant Blanton had stopped Hooten. When asked, Hooten produced an Indiana handgun permit. When Officer McCann checked the status of Hooten's permit in state databases, it was determined that Hooten's permit had been revoked. Hooten was then arrested.

On November 15, 2011, Hooten was charged with Carrying a Handgun Without a License. On March 9, 2012, a bench trial was conducted, at the conclusion of which the court found Hooten guilty as charged, entered judgment of conviction against him, and sentenced him to 365 days imprisonment, with 357 days suspended to probation. Upon motion by the State, the trial court also ordered the handgun destroyed.

This appeal followed.

**Discussion and Decision**

Hooten raises only one issue for our review: whether the trial court abused its discretion when it admitted into evidence the handgun Lieutenant Blanton retrieved from Hooten. Hooten argues that Lieutenant Blanton lacked the reasonable suspicion necessary to support a Terry stop and that the trial court erroneously decided to the contrary.

Hooten couches his appeal as one from the trial court's denial of a motion to suppress evidence. Because Hooten appeals following his conviction for the charged offense, however, he challenges the admission of the handgun at trial. Cf. Peters v. State, 888 N.E.2d 274, 277 (Ind. Ct. App. 2008), trans. denied. We review a trial court's admission of evidence for an abuse of discretion, which occurs when the trial court's decision is clearly against the logic and effects of the facts and circumstances before it. Id.

The Fourth Amendment states, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures … shall not be violated." U.S. Const. amend. IV. The Fourth Amendment's protections "extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." United States v. Arvizu, 534 U.S. 266, 273 (2002) (citing Terry v. Ohio, 392 U.S. 1, 9 (1968), and United States v. Cortez, 449 U.S. 411, 417 (1981)).

Because the balance between public interest and an individual's right to personal security tilts in favor of a lower standard than probable cause, reasonable suspicion that criminal activity "may be afoot" is sufficient to justify such investigatory stops. Id. Reasonable suspicion requires that there be "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." Cortez, 449 U.S. at 417. While there is no set of hard-and-fast rules to determine what constitutes reasonable suspicion, Arvizu, 534 U.S. at 274, a mere "hunch" is insufficient. Terry, 392 U.S. at 27.

Thus, when reviewing investigatory stops for reasonable suspicion, we "look at the 'totality of the circumstances' of each case to see whether the detaining officer has a

'particularized and objective basis' for suspecting legal wrongdoing." <u>Arvizu</u>, 534 U.S. at 273 (citing <u>Cortez</u>, 449 U.S. at 417-18). The State must bear the burden of proving that reasonable suspicion existed, and we review a trial court's determination of reasonable suspicion <u>de novo</u>, giving due weight to the inferences drawn from the facts presented to the trial court. <u>Bannister v. State</u>, 904 N.E.2d 1254, 1255-56 (Ind. 2009).

The testimony before the trial court at the time of admission of Hooten's handgun into evidence indicated that Gamble contacted IMPD dispatch concerning a domestic dispute and requested that police remove Hooten from her home, provided a description of Hooten, and informed dispatch that he owned a handgun. Dispatch radioed this information to Lieutenant Blanton, who saw an individual matching Hooten's description walking away from Gamble's apartment complex. Lieutenant Blanton stopped Hooten and asked him to identify himself. Because dispatch had informed Lieutenant Blanton that Hooten might have a firearm, Lieutenant Blanton instructed Hooten to raise his hands. When Hooten complied, Lieutenant Blanton recognized the butt of a pistol protruding from the right-side waistband of Hooten's pants, and it was later determined that Hooten's license to carry a firearm had been revoked.

Given this evidence, we conclude that Lieutenant Blanton had the reasonable suspicion necessary to conduct a <u>Terry</u> stop of Hooten, and thus we cannot conclude that the trial court abused its discretion when it admitted into evidence the gun Lieutenant Blanton retrieved from Hooten. We therefore affirm Hooten's conviction for Possession of a Firearm Without a License.

Affirmed.

5

RILEY, J., and CRONE, J., concur.